Argued and submitted June 29, 2020; in Case No. 16CR71474, conviction on Count 3 reversed and remanded, otherwise affirmed; in Case No. 16CR72070, reversed and remanded March 3, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CHRISTOPHER WAYNE ARIVETT,
*Defendant-Appellant.*

## Lake County Circuit Court
## 16CR72070, 16CR71474;
## A168945 (Control), A168946

### 483 P3d 29

In this consolidated appeal, defendant appeals two judgments of conviction: one for conspiracy to export marijuana, ORS 161.450(2)(c), and *former* ORS 475B.185 (2015), *renumbered as* ORS 475B.227 (2017); the other for 10 counts of second-degree encouraging child sex abuse, ORS 163.686. Defendant assigns error to the trial court's denial of his motions to suppress, arguing that the extension of the traffic stop of the car in which he was a passenger was not supported by reasonable suspicion. The state argues that the trial court did not err in denying defendant's motion to suppress, because a "moderate odor of marijuana," among other facts, permitted the officer to extend the traffic stop based on a reasonable suspicion that defendant was engaged in criminal drug activity. *Held*: Because the facts, considered in their totality, do not support reasonable suspicion that defendant was involved in illegal drug activity, the trial court erred in denying defendant's motions to suppress.

In Case No. 16CR71474, conviction on Count 3 reversed and remanded; otherwise affirmed. In Case No. 16CR72070, reversed and remanded.

Robert F. Nichols, Jr., Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, filed the brief for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

In Case No. 16CR71474, conviction on Count 3 reversed and remanded; otherwise affirmed. In Case No. 16CR72070, reversed and remanded.

**TOOKEY, J.**

In this consolidated appeal, defendant appeals two judgments of conviction: one for conspiracy to export marijuana (Case No. 16CR71474, Count 3), and one for 10 counts of second-degree encouraging child sex abuse (Case No. 16CR72070, Counts 1 through 10). Defendant was charged with those crimes based on evidence obtained during a traffic stop. Before trial, defendant filed identical motions to suppress that evidence in both cases. The trial court denied those motions, and defendant entered conditional guilty pleas. On appeal, defendant assigns error to the trial court's denial of his motions to suppress, arguing that the extension of the traffic stop of the car in which he was a passenger was not supported by reasonable suspicion of a crime. For the reasons that follow, we reverse and remand.[1]

In reviewing the denial of a motion to suppress, "[w]e state the facts consistently with the trial court's explicit and necessarily implicit findings." *State v. Kingsmith*, 256 Or App 762, 764, 302 P3d 471 (2013).

The relevant facts are undisputed. Defendant was a passenger in a rental car with Alabama license plates, traveling east on Highway 140, near Lakeview. Oregon State Police trooper Zwijacz stopped the car for speeding. Zwijacz approached the car on the passenger's side and advised the driver, Whisante, as to the reason for the stop. He asked both Whisante and defendant, "Where you guys coming from today?" Whisante explained that they were coming from Cave Junction. Zwijacz then said he needed to return to his car, but stated, "I can smell the marijuana so I gotta talk about that with you when I get right back," and asked defendant whether he had "any history" or had "been in trouble before." Defendant responded that he had not. Zwijacz then conducted a check on Whisante for "wants and warrants" and "prior drug offenses." A similar check was done on defendant shortly thereafter, which showed only a prior failure to appear.

---

[1] Defendant raises three assignments of error. We write to address only defendant's combined first and second assignments of error, our disposition of which obviates the need to address defendant's remaining assignment.

Zwijacz questioned Whisante about the marijuana odor, noting that he "didn't see any luggage in the car," and that Whisante looked "really nervous." Whisante explained that she had luggage in the trunk and that she was sick. She also explained that neither she nor defendant "smoked" but that, after staying three days with a cousin who worked for a dispensary, the marijuana odor had gotten into defendant's clothes.

Zwijacz then asked defendant if there was marijuana in the car, and defendant responded that there was not. Zwijacz told defendant that "we deal with a lot of marijuana leaving the state on this road," and that "I suspect that there's obviously a crime taking place." Zwijacz repeatedly asked for consent to search the car, but defendant declined, specifically stating that "we'd like to be on our way." Zwijacz replied, "I imagine you would," and continued to question defendant about the presence of marijuana in the vehicle.

Eventually, a backup officer arrived, and Zwijacz informed defendant and Whisante that he "was going to search the vehicle based on probable cause." As a result of that search, Zwijacz located approximately five pounds of marijuana. Zwijacz arrested both Whisante and defendant, and he seized the marijuana and defendant's cellphone. Later, pursuant to a warrant, defendant's cellphone was searched for evidence of unlawful drug possession, manufacture, or delivery. During that search, investigators discovered "multiple photos of very obvious child pornography."

Defendant was subsequently charged with, among other offenses, conspiracy to export marijuana, ORS 161.450(2)(c), *former* ORS 475B.185 (2015), *renumbered as* ORS 475B.227 (2017), and second-degree encouraging child sex abuse, ORS 163.686, based on the evidence obtained during the search of the car and cellphone. Before trial, defendant moved to suppress "all evidence seized as a result of the search of the vehicle Defendant was a passenger in," arguing, among other points, that the traffic stop was unlawfully extended based on "a moderate smell of marijuana."

At a suppression hearing, the trial court explained that "the facts set forth in the Defendant's declaration in support of his motion to suppress are stipulated to by the

State and therefore are found to be true by the court." That declaration stated that both "Ms. Whisante and [defendant] were clearly detained by Trooper Zwijacz" during the traffic stop, and that Zwijacz "continued the stop and turned it into a full investigation of possible drug activity, based on a moderate smell of marijuana." Accordingly, during the hearing, the state did not argue that the defendant had not been stopped but instead framed the issue before the trial court as whether there was "reasonable suspicion to extend the stop."

Ultimately, the trial court denied defendant's motions to suppress as to the extended stop, concluding:

> "As far as matter of law, the Court makes a finding that under the totality of the circumstances basically a moderate smell of marijuana, location of travel, a rental car[,] the no luggage, [and] *** nervousness ***. But under the totality of the circumstances the Court finds that the officer had a subjective belief that a crime was being committed, possession of more than the amount of marijuana allowed under Oregon law, and therefore had reasonable suspicion."

On appeal, the parties do not dispute whether defendant was stopped. Rather, the parties dispute whether Zwijacz had reasonable suspicion when he extended the traffic stop to investigate criminal drug activity.[2]

As a preliminary matter, we note that on appeal, defendant's briefing as to the extension of the stop references Article I, section 9, of the Oregon Constitution, but it largely focuses on the Fourth Amendment to the United States Constitution. Yet, in the trial court, the points and

---

[2] As noted above, in denying defendant's motion to suppress, the court initially noted that the state "stipulated" that both Whisante and defendant were stopped during their encounter with Zwijacz. Proceeding on that understanding, the trial court did not explicitly analyze whether defendant had been stopped and ruled only that the extension of that stop was supported by reasonable suspicion. That ruling presupposes that there was, in fact, an extended stop of the defendant, and we proceed on that understanding. *Cf. State v. Soto-Navarro*, 309 Or App 218, 226, 482 P3d 150 (2021) (noting that, although trial court did not expressly determine that the defendant had been seized, "its decision to resolve the case under the unavoidable lull" doctrine "presupposes an antecedent seizure"); *State v. Washington*, 284 Or App 454, 459 n 1, 392 P3d 348 (2017) (proceeding on understanding that the defendant was stopped, where trial court had not explicitly ruled that the defendant was stopped but had ruled that stop of the defendant was justified by reasonable suspicion).

authorities in defendant's motion to suppress relating to "Search and Seizure" and "Traffic Stops, Extensions of Traffic Stops, and Reasonable Suspicion" cited two sources of federal law, but it largely focused on Oregon authorities. However, defendant's arguments in his motion and at the suppression hearing did not clearly delineate between the state and federal grounds for granting his motion. Given that circumstance—and because the trial court did not articulate in its ruling on which ground it relied in denying defendant's motion—we understand the court's ruling as implicitly relying on both state and federal grounds. Thus, consistent with our "first things first" doctrine, we begin by reviewing the trial court's ruling under state law. *State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983); *State v. Babson*, 249 Or App 278, 307, 279 P3d 222 (2012) (noting that any discussion of a potential federal constitutional violation is premature until we determine "whether the state's law * * * has deprived defendants of the rights they seek to vindicate under the United States Constitution"). Because our decision under state law is dispositive, we do not reach the federal constitutional issue.

Under Article I, section 9, "an extension of a traffic stop to conduct a criminal investigation must be justified by reasonable suspicion of criminal activity." *State v. Barber*, 279 Or App 84, 89, 379 P3d 651 (2016). "The reasonable-suspicion standard 'is met when an officer can point to specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime.'" *State v. Bowen*, 308 Or App 505, 507, 481 P3d 370 (2021) (quoting *Maciel-Figueroa*, 361 Or 163, 165, 389 P3d 1121 (2017)). "The officer must have a subjective belief that the person stopped has committed, or is about to commit, a crime, and that belief must be objectively reasonable under the totality of the circumstances." *State v. Kreis*, 365 Or 659, 665, 451 P3d 954 (2019).

In this case, we do not understand defendant to dispute that Zwijacz subjectively believed that defendant possessed more than the amount of marijuana allowed under Oregon law. Thus, our task on review is to determine whether Zwijacz's belief was objectively reasonable under the totality of the circumstances.

As noted above, the trial court found that Zwijacz had reasonable suspicion that defendant possessed "more than the amount of marijuana allowed under Oregon law" based on his observations of (1) a "moderate odor of marijuana," (2) "location of travel," (3) "no luggage," and (4) "nervousness." In addition to those facts, the state contends on appeal that two other facts contributed to Zwijacz's reasonable suspicion: (5) the stopped vehicle was from out of state, and (6) it was a rental. As explained below, we conclude that those facts, considered in their totality, do not support a reasonable suspicion that defendant possessed an unlawful amount of marijuana.

To begin with, "nervousness" is not particularly significant to our analysis. "As we have recognized repeatedly, nervousness alone is entitled to little weight when evaluating reasonable suspicion." *Bowen*, 308 Or App at 509 (citation and internal quotation marks omitted).

Similarly, the fact that Zwijacz observed no luggage in defendant's car is not meaningful here. "[W]e have on several occasions held that a lack of visible luggage adds nothing to the reasonable suspicion inquiry if luggage may have readily been stored out of the officer's plain view." *State v. Maciel*, 254 Or App 530, 538, 295 P3d 145 (2013). Zwijacz could not see into the trunk, where Whisante had explained that they were keeping their luggage. Therefore, the lack of *visible* luggage is entitled to no weight.

The fact that defendant was traveling in a rental car with out-of-state plates on Highway 140 does not support a reasonable suspicion that defendant possessed an unlawful amount of marijuana.[3] Out-of-state license plates add nothing to the reasonable suspicion analysis here. *See State v. Bates*, 304 Or 519, 526, 747 P2d 991 (1987) (stating

---

[3] It is important to note that the record lacks evidence that would give significance to those innocuous facts (Zwijacz did not testify to explain that Highway 140 is a drug trafficking corridor or why he would believe that out-of-state license plates and rental cars are suspicious). *See State v. Alvarado*, 257 Or App 612, 631, 307 P3d 540 (2013) ("An officer's training and experience are relevant to, and may help explain why, a particular circumstance is suspicious [but] the invocation of training and experience, without more elaboration describing what that training and experience consists of, does little to prove that otherwise innocuous facts * * * are evidence of criminal activity.").

that defendant's "out-of-state license plates add nothing" to reasonable suspicion analysis); *see also State v. Alvarado*, 257 Or App 612, 629, 307 P3d 540 (2013) ("[T]he fact that defendant was driving a van with out-of-state plates is of no significance ***."). Likewise, "[t]raveling in a rental car is also an unremarkable act that adds little to the reasonable-suspicion calculus." *Bowen*, 308 Or App at 510. And defendant's presence on Highway 140 is not indicative of unlawful drug possession. *See id.* at 509-10 (explaining that "the act of traveling on a public highway known to be part of a 'drug trafficking corridor' does not give rise to reasonable suspicion that any particular person traveling on the highway is trafficking drugs").

The only remaining fact relied on by the trial court and the state is the "moderate smell of marijuana" that Zwijacz smelled coming from the stopped car. We conclude that that fact is not sufficient to support a reasonable suspicion that defendant possessed an unlawful amount of marijuana. That is because, as we recently held,

> "the smell of marijuana [] generally no longer has the significance it once had as a basis for reasonable suspicion, in light of decriminalization. *** [A] *strong* odor can signal the presence of marijuana, but not necessarily the presence in a quantity that is illegal for persons 21 and older to lawfully possess. For that reason, odor adds only that much to the calculus—that some amount of marijuana may be present."

*State v. T. T.*, 308 Or App 408, 437, 479 P3d 598 (2021) (emphasis added). Here, Zwijacz observed only a "moderate" odor, and the record contains no other facts supporting a reasonable suspicion that the quantity of marijuana that might have been present was unlawful. Thus, in this case, the moderate smell of marijuana is not enough to support reasonable suspicion that defendant was unlawfully possessing marijuana, even if we assume that defendant's nervousness is entitled to some small amount of weight in the "totality of the circumstances" analysis.

In sum, the foregoing facts—considered in their totality—do not provide an objectively reasonable suspicion that defendant possessed an unlawful amount of

marijuana.[4] We therefore conclude that it was error to deny defendant's motions to suppress evidence. Accordingly, we reverse defendant's convictions and remand for defendant to withdraw his conditional guilty pleas. *See State v. Cecconi*, 308 Or App 534, 545, 480 P3d 953 (2021) (noting that, under ORS 135.335(3), "[a] defendant who finally prevails on appeal may withdraw the plea," when that defendant entered a conditional guilty plea).

In Case No. 16CR71474, conviction on Count 3 reversed and remanded; otherwise affirmed. In Case No. 16CR72070, reversed and remanded.

---

[4] We note that, in the trial court, the parties' arguments—and the court's ruling on defendant's motion to suppress—focused on whether Zwijacz extended the traffic stop based on reasonable suspicion that defendant possessed an unlawful amount of marijuana. On appeal, however, the state contends that the facts would also support a reasonable suspicion that defendant was involved in exporting marijuana. Yet nothing in the record shows that the trial court contemplated reasonable suspicion as to exporting marijuana. In any event, the above-mentioned facts adduced in the trial court, without more, are insufficient for us to conclude that they support an objectively reasonable suspicion that defendant was exporting marijuana, and, therefore, we reject that contention without further discussion.